**FILED**

01/02/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0268

# SYNOPSIS OF THE CASE[1]

**2025 MT 1 , DA 23-0268:** **MONTANA TROUT UNLIMITED, TROUT UNLIMITED, MONTANA ENVIRONMENTAL INFORMATION CENTER, EARTHWORKS, and AMERICAN RIVERS,** Petitioners and Appellants, **v. MONTANA DEPARTMENT OF NATURAL RESOURCES AND CONSERVATION and TINTINA MONTANA, INC.,** Respondents and Appellees.

The Montana Supreme Court has upheld a water use permit the Department of Natural Resources (DNRC) issued for Tintina Montana's proposed copper mine near the Smith River. Montana Trout Unlimited and affiliated parties, collectively "MTU," appealed an order entered by the Meagher County District Court, which denied their challenge to the issuance of the permit. DNRC approved the water use permit for the portion of the water Tintina encountered and intended to use in its mining operation, and also determined that water removed from the mine and discharged back to the aquifer was neither a beneficial use nor a waste, and thus was not required to be permitted under the Montana Water Use Act (MWUA). In a 5-2 decision, the Supreme Court affirmed the District Court and DNRC's determination of the scope and the issuance of the permit for the proposed mining operation.

DNRC and Tintina argued MTU did not have standing to sue. The Supreme Court held that, in contrast to the general rule that standing may be raised at any time, in judicial review of an administrative agency decision, standing may not be raised for the first time on appeal unless the Court determines there was good cause for failure to raise it before the agency, which was not demonstrated here, and thus, the Court did not consider the issue further. The Chief Justice concurred with this standing decision, but wrote separately to further conclude that MTU demonstrated sufficient recreational and aesthetic interests in the waters at issue to establish an interest in protecting publicly owned water rights from any adverse effect of Tintina's proposed appropriations, and thus demonstrated standing to challenge the permit.

MTU argued DNRC incorrectly applied the MWUA by ruling that the water Tintina did not use but discharged was outside of the scope of the permitting process, and that this interpretation violated Article IX of the Montana Constitution. The Court concluded that Tintina's proposed removal and disposal of water did not constitute either a "use" or a "waste" of water, reasoning that DNRC's interpretation of the MWUA was consistent with decades of agency decisions and policy, and that the Montana Legislature, though advised of the policy, had not modified this interpretation. Regarding the constitutional argument, the Court held that MWUA was specifically implemented to regulate water rights, which include beneficial uses and waste, but did not regulate the water resource itself, which is a duty statutorily delegated to other regulators, as the Court previously has held. The Court reasoned that whether such statutory frameworks should be revised is a determination for the Legislature to make.

Two justices dissented and would have held that mine dewatering constitutes a "beneficial use" and therefore requires approval and issuance of a water use permit by the DNRC. The justices maintained the Court's interpretation of the Act undermines the Act's purpose and creates a loophole for large amounts of water—in this case 150,000,000 annual gallons—to be withdrawn from closed basins without regulation. The justices would have held that the Act, enacted to provide comprehensive management of Montana waters, subjects mine dewatering to the permitting processes required of similar resource-intensive beneficial uses of water. Exempting mine dewatering from MWUA regulatory

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

oversight risks harm to senior water rights and is inconsistent with other de minimis uses exempted by the express language of the MWUA. Further, the justices maintained that the DNRC policy the Court relied on to find an exemption for mine dewatering deserves little judicial deference because the policy was inconsistent with the express language of the Act and did not result from the agency's rulemaking process.